# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| ANDREW D. TARR, individually, and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:17-cv-23776-FAM |
| BURGER KING CORPORATION d/b/a BURGER KING, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1) AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant Burger King Corporation d/b/a Burger King ("Defendant" or "Burger King") respectfully moves to dismiss plaintiff Andrew Tarr's complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because plaintiff has failed to allege an injury-in-fact and therefore lacks standing to pursue his claim.

## PRELIMINARY STATEMENT

Following last year's Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), courts across the country have routinely dismissed claims which are based solely on statutory violations divorced from any concrete or actual harm, after finding plaintiffs lacked standing to bring the case.  In fact, just six weeks ago in a related case -- involving the same Burger King restaurant, the same defendant, the same attorneys, and the same cause of action -- Judge Robert Scola, Jr. dismissed a class action under the Fair and Accurate Credit Transactions Act ("FACTA") for lack of subject-matter jurisdiction because the technical violation plaintiff alleged was insufficient to establish any concrete harm.  *See Gesten v. Burger King Corporation*, Case No. 1:17-cv-22541-RNS, 2017 U.S. Dist. LEXIS 158173 (S.D. Fla. Sept. 27, 2017).  Like

the plaintiff in *Gesten*, plaintiff here does not seek actual damages (on his own behalf or on behalf of any member of the proposed class) and has not been the victim of identity theft. Plaintiff Tarr nonetheless claims that he and other purported class members are entitled to statutory damages, punitive damages, injunctive relief and attorneys' fees because Burger King allegedly committed a willful, procedural violation of FACTA by printing the first six and the last four digits of his debit card number on receipts allegedly given to him.

At no point does plaintiff allege he suffered any injury from the alleged issuance of the receipts in question.  Plaintiff does not contend that there has been unauthorized use of his debit card, fraudulent attempts to access his debit card account, or theft of his identity.  Nor does he identify any third party who saw his receipts.  Rather, plaintiff alleges that he threw out his receipts and only became aware of any alleged FACTA violation several months later when his former co-counsel from another case, Ryan Gesten, filed a lawsuit against Burger King.  Even if the Court accepts these questionable allegations as true, plaintiff's generalized harms necessarily fail to satisfy Article III's "concreteness" requirement.  In fact, the hyper-technical nature of plaintiff's FACTA claim is exemplified by the fact that the first six digits of a debit or credit card number merely identify the issuer of the card, without disclosing any personal information about the card holder.  As a result, even if a third party obtained a copy of plaintiff's alleged receipt, which is not asserted here, there is no increased risk of identity theft.

In sum, this class action litigation does not seek to redress an actual injury to anyone -- or even the threat of an injury -- but rather to obtain a windfall for class counsel.  Plaintiff is not suing to vindicate a privacy right but rather to quickly collect a monetary award and attorneys' fees without having to prove any actual injury.  Because the Supreme Court in *Spokeo* determined that an alleged statutory violation by itself does not confer standing, the complaint filed by plaintiff should be dismissed.

2

## FACTUAL BACKGROUND

### A.    The Fair and Accurate Credit Transactions Act

Plaintiff's complaint asserts a single cause of action for violating FACTA.  Doc. 1,

Compl. at 17-18.  In 2003, Congress passed FACTA as an amendment to the Fair Credit

Reporting Act ("FCRA") to protect consumers against credit card fraud and identity theft.  15

U.S.C. § 1681c.  In doing so, Congress attempted to reduce the amount of personal information

that is printed on a customer's credit or debit card receipt.  FACTA prohibits merchants from

"print[ing] more than the last 5 digits of the [credit or debit] card number or the expiration date

upon any receipt provided to the cardholder at the point of the sale or transaction."  15 U.S.C.

§ 1681c(g)(1).  A merchant who "willfully" violates FACTA "with respect to any consumer is

liable to that consumer" for statutory damages ranging from $100 to $1,000, plus punitive

damages and attorney's fees.  15 U.S.C. § 1681n.

### B.    Plaintiff's Debit Card Transaction at Burger King's Restaurant in Sunny Isles Beach, Florida

On October 14, 2017, plaintiff Andrew Tarr commenced this action, alleging that he made

purchases at a Burger King restaurant in Sunny Isles Beach, Florida and received but later

discarded receipts for transactions containing the first six and the last four digits of his debit card

number.  Doc. 1, Compl. ¶¶ 31-33.  Despite allegedly receiving copies of his receipts five

months ago, Plaintiff Tarr waited to file his lawsuit until approximately two weeks after Judge

Scola dismissed a related FACTA action brought by plaintiff Gesten against Burger King.  Tarr

does not claim his identity was stolen or that fraudulent purchases were made using his debit

card.[1]  Nor does he identify anyone who viewed the discarded receipts.  Despite failing to allege

---

[1]  Even if plaintiff had alleged that his identity was stolen, which resulted in fraudulent purchases being made using his debit card, any loss associated with those purchases would be limited to $50.00 (15 U.S.C. § 1643) or reduced to zero pursuant to credit card company policies.  *See, e.g.*, Visa's Zero Liability Policy, *available at* https://www.visa.com/chip/personal/security/zero-

any legitimate risk of identity theft, plaintiff now purports to represent a nationwide class of customers who have allegedly received non-compliant credit or debit card receipts from Burger King since October 14, 2015. Compl. ¶ 60. While plaintiff has not suffered any actual harm, he seeks statutory damages on behalf of himself and each putative class member. *Id.* at 18.

## ARGUMENT

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is properly granted when there are not "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Although the Court must accept well-pleaded facts as true, it is not required to "ignore specific factual details . . . in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin*, 496 F. 3d 1189, 1205-06 (11th Cir. 2007). The Court applies a similar standard to a Rule 12(b)(1) motion challenging subject matter jurisdiction. *McElmurray v. Consolidated Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007); *OSI, Inc. v. U.S.*, 285 F.3d 947, 951 (11th Cir. 2002) (recognizing that plaintiff bears the burden of proving subject matter jurisdiction). Accordingly, "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, plaintiff must plead facts pertaining to his own case that make a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) (citing *Twombly*, 550 U.S. at 556) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Consequently, the Court should only accept as true well-pleaded facts, not plaintiff's legal conclusions. *See Iqbal*, 556 U.S. at 678. As shown below, plaintiff has failed to plead facts sufficient to confer standing under Article III, and therefore Burger King is entitled to dismissal.

---

liability.jsp (last visited November 1, 2017).

**A.    Under *Spokeo* Plaintiff Lacks Article III Standing Because He Alleges Only a Statutory Violation and No Actual Harm**

Standing is a necessary element of federal-court jurisdiction and it must be addressed as a threshold matter prior to the merits of any underlying claims.  *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250 (11th Cir. 2015).  Article III grants federal courts judicial power to decide only actual "Cases" and "Controversies."  U.S. Const. Art. III § 2.  "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims, and the court is powerless to continue."  *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1265 (11th Cir. 2011) (citing *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1269 (11th Cir. 2006)).  In order to establish standing under Article III, plaintiff must clearly allege facts demonstrating (1) that he suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.  *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992); *Spokeo*, 136 S. Ct. at 1547.  To prove an injury in fact, a plaintiff must show "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  *Id*. at 560 (internal quotations omitted).

Just last year, the Supreme Court in *Spokeo v. Robins* addressed the injury-in-fact requirement in the context of a statutory violation under the FCRA, the same law that FACTA is part of.  136 S. Ct. at 1544-45.  In *Spokeo*, the Supreme Court vacated the Ninth Circuit's decision that plaintiff adequately pled a particularized injury, because the Ninth Circuit had failed to consider whether the injury satisfied Article III's "concreteness" requirement.  *Id*. at 1545, 1548.[2]  The Court clarified that the injury-in-fact requirement cannot be automatically

---

[2]  As recognized in *Higgens v. Trident Asset Mgmt., LLC*, "the *Spokeo* opinion makes clear that something more is needed to confer standing.  That is, statutory damages combined with a procedural violation of the statute are not enough: 'concreteness' requires that an injury 'actually exist.'  Indeed, the injury must be 'real,' and not 'abstract.'"  2017 U.S. Dist. LEXIS 53634, at *3

satisfied "whenever a statute [like FACTA] *grants a person a statutory right and purports to authorize that person to sue to vindicate that right.*"  136 S. Ct. at 1549 (emphasis added).[3]

Following *Spokeo*'s "concreteness" ruling, numerous courts, including this District as well as the Second and Seventh Circuit Courts of Appeals, have held that plaintiffs who suffered no actual harm in connection with procedural violations lack standing to pursue FACTA claims. *See, e.g.*, *Gesten*, 2017 U.S. Dist. LEXIS 158173, at *18, *20 (dismissing plaintiff's FACTA claim arising from defendant's printing of the first six and last four digits of his card number and holding that this type of case "presents a perfect example of a procedural violation that may result in no harm" because "Congress has not prohibited the printing of the issuing institution on receipts"); *Katz v. The Donna Karan Company, L.L.C.*, 872 F.3d 114, 120 (2d Cir. 2017) (concluding that printing the first six digits of plaintiff's credit card number did not raise a material risk of harm of identity theft and thus did not establish a concrete injury because it "is the equivalent of printing the name of the issuing institution, information which need not be truncated under FACTA"); *Cruper-Weinmann v. Paris Baguette America, Inc.*, 861 F.3d 76, 77 (2d Cir. 2017) (joining the Seventh Circuit in affirming the district court's grant of defendant's

---

(S.D. Fla. Mar. 28, 2017) (internal citations omitted).

[3] *Spokeo* was remanded to the Ninth Circuit which recently held that under the particular facts of that case, plaintiff had standing to pursue her FCRA claim.  *Robins v. Spokeo, Inc.*, No. 11-56843, 2017 WL 3480695, at *8 (9th Cir. Aug. 15, 2017).  While the Ninth Circuit concluded that the plaintiff had standing, it noted "in many instances, a plaintiff will not be able to show a concrete injury simply by alleging that a consumer-reporting agency failed to comply with one of FCRA's procedures."  *Id.* at *6.  Indeed, the Ninth Circuit acknowledged the Supreme Court's ruling in *Spokeo*, explaining that the standing analysis "requires some examination of the *nature* of the specific alleged reporting inaccuracies to ensure that they raise a real risk of harm to the concrete interests that FCRA protects."  *Id.* (emphasis in original).  The Ninth Circuit relied heavily on the consumer-reporting agency's inaccurate representation of Robin's marital status, age, employment, education and wealth -- types of information published by the defendant on the Internet -- that "may be important to employers or others making use of a consumer report … [and] thus [ ] directly and substantially related to FCRA's goals."  *Id.* at 6-7.  In contrast, plaintiff here has alleged only a "bare procedural violation" of FACTA without any concrete injury from such violation.

motion to dismiss because defendant's bare procedural violation of FACTA posed no material risk of harm to plaintiff); *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 728 (7th Cir. 2016) (holding that "without a showing of injury apart from the statutory violation," the plaintiff did not have standing to pursue his FACTA claim).[4]

---

[4] *See also Kamal v. J. Crew Grp., Inc.*, No. 15-0190, 2017 U.S. Dist. LEXIS 91080, at *12-13 (D.N.J. June 13, 2017) (dismissing plaintiff's second amended FACTA complaint where a retailer printed the first six and last four digits of credit card numbers on customer receipts because "[e]ven drawing all reasonable inferences in Plaintiff's favor, [ ] the risk-of-harm argument fail[ed] to establish constitutional standing"); *Noble v. Nevada Checker CAB Corp.*, No. 15-2322, 2016 U.S. Dist. LEXIS 110799, at *9 (D. Nev. Aug. 19, 2016) (concluding that "Plaintiffs have no standing to complain of the putative technical violations of the statute alleged here, because the putative violations created no 'concrete' harm of the type sought to be prevented by Congress, and Plaintiffs have not separately alleged any actual harm, i.e., they have not alleged any resulting credit card fraud"); *Hendrick v. Aramark Corp.*, 2017 U.S. Dist. LEXIS 59474, at *12 (E.D. Pa. Apr. 18, 2017) (granting defendant's motion to dismiss plaintiff's FACTA claim involving the printing of ten digits of plaintiff's credit card number because plaintiff suffered no actual injury and alleged no facts to substantiate his claim that defendant subjected him to an increased risk of harm); *Stelmachers v. Verifone Sys, Inc.*, No. 5:14-cv-04912-EJD, 2017 WL 3968871, at *4 (N.D. Cal. Sept. 7, 2017) (dismissing plaintiff's second amended complaint without leave to amend "because Plaintiff still has not plausibly identified concrete, certainly impending injury resulting from the non-compliant receipt"); *Llewellyn v. Az Compassionate Care, Inc.*, 2017 U.S. Dist. LEXIS 61840, at *13 (D. Ariz. Apr. 24, 2017) (holding that plaintiff alleged a "bare technical violation of FACTA, without satisfying his burden of alleging concrete harm"); *O'Shea v. P.C. Richard & Son, LLC*, 2017 U.S. Dist. LEXIS 122424, at *20-22 (S.D.N.Y. Aug. 3, 2017) (finding that plaintiff lacked Article III standing to pursue his FACTA claim); *Fullwood v. Wolfgang's Steakhouse Inc.*, 2017 WL 377931, at *6 (S.D.N.Y. Jan. 30, 2017) (the complaint's "conclusory allegation that Plaintiff was 'damaged' by Defendants' conduct, and its generalized allegation parroting FACTA's purpose statement, are plainly insufficient to plead plausibly that Plaintiff suffered a concrete and particularized injury"); *Weinstein v. Intermountain Healthcare, Inc.*, 2017 U.S. Dist. LEXIS 51332, at *9 (D. Utah Apr. 3, 2017) (holding that plaintiff lacked standing to bring suit under FACTA where he never alleged that his identity was stolen and he never alleged that he had to take steps to protect himself from identity theft); *Batra v. RLS Supermarkets, LLC*, 2017 WL 3421073, at *5 (N.D. Tex. Aug. 9, 2017) (dismissing plaintiff's FACTA claim because "a violation of 15 U.S.C. § 1681c(g) is not one where the violation, alone, constitutes a concrete injury"); *Gant v. Fondren Orthopedic Grp., L.L.P.*, 2017 U.S. Dist. LEXIS 77756, *3-4 (S.D. Tex. May 22, 2017) (granting defendant's motion for summary judgment because plaintiff's FACTA allegations failed to establish standing); *Thompson v. Rally House*, No. 15-00886, 2016 U.S. Dist. LEXIS 146146, at *9 (W.D. Mo. Oct. 6, 2016) (concluding that defendant's printing of the first six and last four digits of the credit card number amounts to a "purely procedural violation" of FACTA and does not constitute an injury-in-fact); *Everett v. Memphis Light, Gas and Water Division*, 2017 WL 1830165, at *3 (W.D. Tenn. April 18, 2017) (holding that "[a]n alleged violation of FACTA's

Here, plaintiff's attorneys attempt to take a second bite at the apple after Judge Scola dismissed their lawsuit in *Gesten* by filing virtually the same FACTA class action except that plaintiff Tarr discarded his receipts.[5]  This is a factual distinction without a difference, and plaintiff Tarr's claim fares no better.  Regardless of whether plaintiff secured his receipts or discarded them, any risk of identity theft is too speculative or hypothetical to confer Article III standing.  Plaintiff does not allege that his identity was stolen, nor does he allege that anyone saw his receipts.  As the court in *Kamal* observed in dismissing plaintiff's FACTA claim:

> The threat posed by dumpster divers consists of a highly 'speculative chain of future events,' … Kamal loses or throws away one of his J. Crew receipts, which is then discovered by a hypothetical third party, who then obtains the six remaining truncated digits along with any additional information required to use the card, such as the expiration date, security code or zip code, and proceeds to make online purchases.  Unsurprisingly, Plaintiff cites no specific examples of this actually occurring.

*Kamal*, 2017 U.S. Dist. LEXIS 91080, at *12-13.  The *Kamal* court recognized that the above-described series of farfetched events is too attenuated to constitute a qualifying injury-in-fact for purposes of standing.

Indeed, just last week, a New York federal court dismissed plaintiff's FACTA claim for lack of standing where the plaintiff, like Tarr, asserted that her discarded receipts "expos[ed] her

---

truncation requirement … is not" a statutory violation sufficient to establish a concrete injury in and of itself where plaintiff alleged that defendant printed the first six and last four digits of her card number); *Lindner v. Roti Rests., LLC*, 2017 U.S. Dist. LEXIS 115110, at *8 (N.D. Ill. July 24, 2017) (concluding that the court lacked subject matter jurisdiction over plaintiff's claim for statutory damages based on defendant's alleged printing of the first six and last four digits of his card number).

[5]  On May 31, 2017, plaintiff's counsel filed a FACTA complaint in *Romero v. Darden Restaurants, Inc.*, No. 0:17-cv-61098-MGC (S.D. Fla.).  Shortly thereafter, this District required plaintiff Romero to produce "copies of all documents supporting [her FACTA] claim (e.g. records, sworn affidavits)."  *Id.*, Doc. 10.  Because Romero could not provide evidence supporting that a purchase was made, he voluntarily dismissed his case.  *Id.*, Docs. 20 & 24.  Given that plaintiff admits that he does not have a copy of the receipt and that he only became aware of the issue through the *Gesten* lawsuit, Defendant respectfully requests that this Court do the same here.

to identity thieves." *Fullwood v. Wolfgang's Steakhouse, Inc.*, 2017 U.S. Dist. LEXIS 183505, at

*12-15 (S.D.N.Y. Nov. 3, 2017) (concluding that plaintiff's allegation that she discarded her

receipts on prior occasions without destroying them "do[es] not constitute a risk of harm that is

sufficiently material to qualify as an actionable injury-in-fact").  Plaintiff's counsel's newly-

crafted allegation that Tarr discarded his receipts is equally unavailing and does not satisfy

Article III's concreteness requirement.[6]

A minority of district courts have denied motions to dismiss FACTA claims, adopting the

reasoning in an unpublished decision by the Eleventh Circuit in a Fair Debt Collections Practices

Act ("FDCPA") case, *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS

12414 (11th Cir. July 6, 2016).  For the most part, however, those courts did not have the benefit

of the Eleventh Circuit's subsequent guidance in *Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998

(11th Cir. 2016).[7]  In *Nicklaw*, the petitioner filed a putative class action against the respondent

---

[6]  Not only is the technical violation that plaintiff alleges here insufficient to confer standing, but also plaintiff concedes that his knowledge of allegedly receiving a non-compliant receipt is based on the fact that another plaintiff filed a lawsuit against Burger King several months ago.  Compl. ¶¶ 33-34.  Plaintiff's lack of personal knowledge as to whether he in fact received a receipt displaying the first six and last four digits of his debit card number is fatal to his ability to establish *any* injury.

[7]  Two members of this Court have declined to dismiss a FACTA claim for lack of standing in decisions that pre-dated *Nicklaw.  See Guarisma v. Microsoft Corp.*, No. 1:15-cv-24326, 2016 WL 4017196, at *4 (S.D. Fla. Jul. 26, 2016) (Altonaga, J.); *Wood v. J Coo USA, Inc.*, 201 F. Supp. 3d 1332, 1340 (S.D. Fla. Aug. 10, 2016) (Bloom, J.); *Bouton v. Ocean Properties, Ltd.*, 201 F. Supp. 3d 1341, 1351-52 (S.D. Fla. Aug. 15, 2016) (Bloom, J.); *Flaum v. Doctor's Associates, Inc.*, No. 0:16-cv-61198, 2016 WL 7015823, at *3-4 (S.D. Fla. Aug. 29, 2016) (Altonaga, J.).  As explained and distinguished by Judge Scola, these decisions relied on a pre-*Spokeo* Eighth Circuit decision, *Hammer v. Sam's E., Inc.*, 754 F.3d 492 (8th Cir. 2014), which was subsequently abrogated and is no longer good law.  *See Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 930 (8th Cir. 2016) (rejecting *Hammer* because *Spokeo* declined to adopt the "absolute view" that the actual-injury requirement is automatically satisfied by the invasion of a legal right created by Congress).  In a decision declining to certify a FACTA class action, a third member of this Court also declined to dismiss a FACTA claim for lack of standing.  *See Guarisma v. Hyatt Equities, LLC*, 2017 U.S. Dist. LEXIS 179837, *8-13, 35 (S.D. Fla. Sept. 28, 2017).  However, that decision did not address *Nicklaw* and relied on *Guarisma v. Microsoft Corp.*, which has been rejected not only by this District but also by several courts outside the

when he learned that the respondent had failed to timely file a certificate of discharge pertaining to the satisfaction of his mortgage.  839 F.3d at 1000.  In dismissing petitioner's suit for lack of standing under *Spokeo*, the Eleventh Circuit rejected plaintiff's argument that a statutory violation automatically creates standing because "the relevant question is whether [plaintiff] *was harmed* when this statutory right was violated."  *Id*. at 1002 (emphasis added).  The Eleventh Circuit also clarified that the violation of a statutory right to receive information under the FDCPA can create an intangible, concrete injury, thereby limiting the application of *Church* to a special class of informational cases that confer standing where a plaintiff alleges a violation of a statutory right to receive information.  *Id*.; *see also Gesten*, 2017 U.S. Dist. LEXIS 158173, at *15-16 (distinguishing *Church* as a failure to receive information case and declining to extend its reasoning to FACTA cases).  Because FACTA lawsuits do not involve the right to receive information, the reasoning in *Church* should not be applied here.  *Gesten*, 2017 U.S. Dist. LEXIS 158173, at *15-16.

As the vast majority of courts have recognized, there can be no injury-in-fact where there is no evidence of actual harm.  Plaintiff's attorneys' re-filing of their boilerplate complaint -- which contains all but one paragraph from the *Gesten* complaint -- cannot cure their deficiency to standing.  Therefore, consistent with the principles established in *Spokeo* and the long line of cases cited above, this Court should dismiss plaintiff's FACTA complaint for failing to satisfy Article III's injury-in-fact requirement.

### B.  Plaintiff Has Failed To Allege a Sufficient Injury in Fact To Confer Standing Under Article III

Plaintiff has not alleged any actual identity theft or impact on his privacy.  Nor has

---

Eleventh Circuit for its reliance on the abrogated *Hammer* decision.  *See Gesten*, 2017 U.S. Dist. LEXIS 158173 at *10-12 (agreeing with the "several courts outside of this circuit [that] have questioned the reliance of courts within this circuit on *Guarisma* and *Hammer*").

plaintiff claimed that he has undertaken costly and burdensome measures to protect himself from the risk of harm, which is not surprising given that a litany of improbable events would have to occur before charges were made to plaintiff's card or his identity was stolen. Therefore, plaintiff's conclusory allegations pertaining to identity theft (*see* Compl. ¶ 1) -- absent any future risk of actual harm -- are insufficient to satisfy Article III's "concreteness" requirement. *Spokeo*, 136 S. Ct. at 1549; *Paci v. Costco Wholesale Corp.*, No. 16-cv-0094, 2017 WL 1196918, at *3 (N.D. Ill. March 30, 2017) (finding that plaintiff did not have standing to bring her FACTA case involving the printing of the first six and last four digits of her credit card because "there [was] … nothing to show that she ever even fretted about her identity being stolen").

The printing of the first six and last four digits of plaintiff's credit card number is a technical violation that cannot conceivably cause any harm. *Katz*, 872 F.3d at 120 (concluding that printing the first six digits of plaintiff's credit card number "is the equivalent of printing the name of the issuing institution, information which need not be truncated under FACTA"); *Lopez v. KB Toys Retail, Inc.*, No. 07-00144, 2007 U.S. Dist. LEXIS 82025, at *14-15 (C.D. Cal. July 17, 2007) ("[I]t appears unlikely, if not impossible, for the inclusion of the first four digits of a credit card number to result in identity theft or any other actual harm, as the first 4-6 digits merely identify the issuing bank - information which can be (and was in this case) included on the Customer Sales Receipt"); *In re Toys "R" Us – Delaware, Inc. – FACTA Litigation*, 2010 U.S. Dist. LEXIS 133583, at *53-54 (C.D. Cal. Aug. 17, 2010) ("As a result, it appears that the printing of the first six digits resulted in no actual harm to any potential class member, and a negligible increase in risk of harm."); *Noble*, 2016 U.S. Dist. LEXIS 110799, at *6-7.

In fact, as explained by the *Kamal* court, the first six digits of plaintiff's card number merely identify the issuer of the card, without disclosing any personal information about the card holder, and thus do not increase plaintiff's risk of identity theft:

> The first six relate to the bank or card-issuer and the last 10 refer to the card-holder's specific account. . . . Given these facts, the Court cannot reasonably infer that printing the first six and last four digits of Plaintiff's credit card materially increased the risk of future harm, because doing so gives an identity thief no more personal information about a person's account than Congress has permitted to be printed on receipts.

*Kamal*, 2017 U.S. Dist. LEXIS 91080, at *12 (citing *Noble*, 2016 U.S. Dist. LEXIS 110799, at *3) (internal quotations omitted).  Similarly, the courts in *Toys "R" Us*, *Noble*, and *Gesten*, recognized that the first six digits of the debit or credit card number "represent information concerning the card issuer and [ ] only the latter digits represent personal account numbers." *Noble*, 2016 U.S. Dist. LEXIS 110799, at *7; *Gesten*, 2017 U.S. Dist. LEXIS 158173, at *20 (recognizing that "the additional digits of [Gesten's] account number that were displayed are digits that multiple courts have recognized identify only the issuer of the card").  Plaintiff does not allege that any additional private financial information was displayed beyond that included in the last four digits of his debit card number (as permitted under FACTA), and therefore even if a hypothetical dumpster diver obtained a copy of his receipt, there would still be no increased risk of identity theft.  Therefore, "because Congress did not prohibit the printing of [bank] issuer information on the credit card receipt, there is no possibility that the printing of the first six digits could have resulted in a risk of harm greater than that prohibited by Congress."  *In re Toys "R" Us FACTA Litig.*, 2010 U.S. Dist. LEXIS 133583, at *53; *see also Noble*, 2016 U.S. Dist. LEXIS 110799, at *9 ("That means Plaintiffs have no standing to complain of the putative technical violations of the statute alleged here, because the putative violations created no 'concrete' harm of the type sought to be prevented by Congress, and Plaintiffs have not separately alleged any actual harm, i.e., they have not alleged any resulting credit card fraud"); *Gesten*, 2017 U.S. Dist. LEXIS 158173, at *20 (noting that "Congress has not prohibited the printing of the issuing institution on receipts"); *Katz*, 872 F.3d at 120 (concluding that "the district court did not clearly err in concluding that printing the IIN does not increase the risk of real harm").

In short, the harm Congress sought to protect against in enacting FACTA (credit/debit card fraud) "has not been made materially more likely to occur" in this case (*Noble*, 2016 U.S. Dist. LEXIS 110799, at *10), because printing the first six numbers does not provide any more personal information than what Congress has permitted to be printed on receipts.  Because plaintiff has suffered no concrete, actual harm as a result of the alleged receipts at issue, he lacks Article III standing to pursue his FACTA claim.

## **CONCLUSION**

For all the foregoing reasons, Burger King respectfully requests that the Court grant its motion to dismiss plaintiff's complaint.

Dated:  November 8, 2017                           Respectfully submitted,


/s/ Anthony Upshaw
Anthony Upshaw (Fla. Bar No. 861091)
Lauren H. Evans (Fla. Bar No. 125671)
McDermott Will & Emery LLP
333 Southeast 2nd Avenue, Suite 4500
Miami, Florida 33131-4336
305.358.3500
305.347.6500 fax
aupshaw@mwe.com
levans@mwe.com

Kerry Alan Scanlon (pending *pro hac vice*)
Jeremy M. White (pending *pro hac vice*)
McDermott Will & Emery LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
202.756.8000
202.756.8087 fax
kscanlon@mwe.com
jmwhite@mwe.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 8, 2017, a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification to all ECF participants.

<u>/s/ Anthony Upshaw</u>
Anthony Upshaw